UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREAT MIDWEST INSURANCE COMPANY, a foreign corporation,

      Plaintiff,

v.

BIG SPAN STRUCTURES, LLC., a Florida corporation, GERMAN BUITRAGO, individually, ANDREA MONTEALEGRE, individually, and TIMOTHY NEE, individually,

      Defendants.
_____/

Case No.:

## COMPLAINT

Plaintiff, GREAT MIDWEST INSURANCE COMPANY ("Great Midwest"), through its counsel, sues Defendants BIG SPAN STRUCTURES, LLC ("Big Span"), GERMAN BUITRAGO ("Mr. Buitrago"), ANDREA MONTEALEGRE ("Ms. Montealegre"), and TIMOTHY NEE (Mr. Nee) (Big Span, Mr. Buitrago, and Ms. Montealegre, and Mr. Nee are collectively referred to in this Complaint as the "Indemnitors").

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of diverse states.

2. Great Midwest is a corporation incorporated in Texas with its headquarters in Texas. Its principal place of business is in Houston, Texas. Its corporate headquarters are located at 800 Gessner, Suite 600, Houston, TX, 77024. That is the address listed as Great Midwest's principal address in its corporate filing with the Florida Department of State. Thus, in accordance with 28 U.S.C. § 1332(c)(1), Great Midwest is a citizen of Texas. Great Midwest is licensed to conduct business in Florida.

3. Big Span is a Florida limited liability company incorporated in Florida. Its principal place of business is in Summerfield, Marion County, Florida. Its corporate headquarters are located at 3515 SW 111 Ave., Miami, Florida 33165. That is the address listed as Big Span's principal address in its corporate filing with the Florida Department of State. Thus, in accordance with 28 U.S.C. § 1332(c)(1), Big Span is a citizen of Florida.

4. Mr. Buitrago is a resident of, and domiciled in, The Villages, Marion County, Florida. In the indemnity agreement that is the subject of this Complaint, Mr. Buitrago lists his address as 243 Colony Blvd, The Villages, FL, 32162. Thus, Mr. Buitrago is a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

5. Ms. Montealegre is a resident of, and domiciled in, The Villages, Marion County, Florida. In the indemnity agreement that is the subject of this Complaint, Ms. Montealegre lists her address as 243 Colony Blvd, The Villages, FL, 32162. Thus, Ms. Buitrago is a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

6. Mr. Nee is a resident of, and domiciled in, Homosassa, Citrus County, Florida. In the indemnity agreement that is the subject of this Complaint, Mr. Nee lists his address as 12364 W. Restview Ct, Homosassa, FL, 34448. Thus, Mr. Nee is a citizen of Florida in accordance with 28 U.S.C. §1332(a).

7. The causes of action alleged herein fall within the jurisdictional limits of the Court because Great Midwest seeks to recover more than $75,000.00 from the Indemnitors and because the damages to which Great Midwest are exposed because of Big Span's various failures as described in this Complaint exceed $75,000. More specifically, as of the date of filing this Complaint, the Indemnitors owe Great Midwest $125,411.29 (exclusive of attorneys' fees and costs).

8. Venue is appropriate in this Court because one or more of the Indemnitors reside in or have their principal place of business within the boundaries of the Middle District of Florida, and because one or more Indemnitors reside in or have their principal place of business located in one of the counties within the province of the Ocala Division of this Court.

**GENERAL ALLEGATIONS**

9. As part of its business, Great Midwest issues construction bonds and stands as surety for selected contractors.

10. In connection with its work, Big Span from time to time required surety construction bonds for construction projects on which it desired to work.

## THE INDEMNITY AGREEMENT

11. To confirm and secure their multiple obligations to Great Midwest in exchange for Great Midwest's issuance of bonds for Big Span, the Indemnitors entered into an indemnity agreement with Great Midwest.

12. Specifically, on April 17, 2020, the Indemnitors each executed a General Agreement of Indemnity ("Agreement") in favor of Great Midwest. A true and correct copy of the Agreement is attached and incorporated into this Complaint as **Exhibit "A."**

13. The Agreement applies to any and all bonds Great Midwest executed on behalf of Big Span regardless of whether such bonds were executed before or after the date of the Agreement. [Exhibit A, para. 1.1].

14. The Agreement is just and reasonable and supported by adequate consideration.

15. According to the Agreement, the Indemnitors agreed, in part, to:

> Jointly and severally, covenant, promise and agree to indemnify and hold harmless Surety from and against ANY AND ALL LOSS WHATSOEVER, including but not limited to any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the rate set forth in Section 2.7 hereof, which Surety may sustain or incur or for which the Surety becomes liable or has reason to believe it may be, or may become liable by reason of or in consequence of the execution and/or delivery by Surety of any Bond(s) on behalf of any indemnitor, whether or not such Bond(s) has been issued prior to execution hereof and whether or not Surety shall have paid any amount on account thereof, including, without limitation, the following…."

[Exhibit C, para. 3].

16. Finally, the Indemnitors agreed that Great Midwest "shall have the right to in its sole and absolute discretion to determine whether any claims under a Bond and/or connection with a bonded project shall be paid, compromised, defended, prosecuted or appealed. Surety's decision shall be final and binding upon the Indemnitors." [Exhibit A, para. 4.1].

17. The terms of the Agreement are sufficiently clear, definite, and certain to allow this Court to enforce them.

18. The Agreement is unequivocal and specific in setting forth the Indemnitors' obligations to indemnify Great Midwest "from and against any and all loss whatsoever" as a result of executing the construction bonds or because of the Indemnitors' failure to comply with the Agreement.

## THE PROJECT AND BOND

19. At the request of one or more of the Indemnitors, Great Midwest issued bonds naming Big Span as principal. Specifically, Great Midwest issued a Performance and Payment Bond naming Big Span as Principal and Kast Construction Company, LLC ("Kast") as Obligee on the Loggerhead Marine Project (the "Project") in Juno Beach, Florida (the Bond"). The penal sum of the Bond is $772,687.79.

20. Disputes arose between Big Span and Kast on the Project.

21. On February 14, 2024, Kast defaulted Big Span.

22. On April 29, 2024, after an investigation of Kast's claims, Great Midwest and Kast agreed to pay $122,936.96 in exchange for a partial discharge of performance bond and a release from known and unknown claims arising out of or related to the remaining work on the Project.

23. On September 11, 2024, Great Midwest served the Indemnitors a Demand for Indemnification pursuant to its rights under the Agreement, wherein in requested the principal amount paid to Kast plus $2,747.62 for incurred expenses, for a total of $125,411.29. The Indemnitors failed to reimburse Great Midwest for its losses. A true and correct copy of Great Midwest's demand is attached and incorporated to this Complaint as **Exhibit "B."**

24. To date, the Indemnitors have refused or are unable to comply with their obligations under the Agreement.

25. To date, Great Midwest has incurred losses totaling $125,411.29. These losses are continuing in nature, as Great Midwest continues to incur attorneys' fees and costs.

26. Pursuant to the Agreement, the Indemnitors are required to reimburse Great Midwest for these losses.

27. Great Midwest has retained the undersigned attorneys to represent it in this action and is obligated to pay these attorneys a reasonable fee for their services rendered.

28. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
## CONTRACTUAL INDEMNITY

29. Great Midwest realleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for damages for the Indemnitors' breach of the Agreement.

31. On or about April 17, 2020, Great Midwest and the Indemnitors entered the Agreement.

32. The Indemnitors are in default of, and have breached, the Agreement by:

   a. failing to indemnify Great Midwest from and against every claim, demand, liability, cost, charge, suit, judgment and expense as a result of executing the Bond or because of the Indemnitors' failure to comply with the Agreement; and

   b. failing to perform and comply with the terms, covenants, and obligations of the Agreement.

33. Great Midwest fully performed all of its obligations under the Agreement.

34. As a result of the Indemnitors' breaches and defaults of the Agreement, Great Midwest suffered damages in the amount of $125,411.29 as a result of issuing the Bond, including, but not limited to, payments to resolve claims against the Bond, attorneys' fees, costs, and other expenses.

35. These damages, irrespective of attorneys' fees, have been finalized and paid for.

36. Despite demand, the Indemnitors have failed to pay Great Midwest the damages it has incurred.

37. Great Midwest is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the Agreement.

WHEREFORE, Great Midwest demands judgment against the Indemnitors, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs, and expenses, and such further relief as this Court deems just and proper.

## COMMON LAW INDEMNITY

38. Great Midwest realleges and incorporated paragraphs 1 through 28 as if full set forth herein.

39. Great Midwest is without fault for any claim against it as surety for Big Span.

40. Great Midwest has a special relationship with Big Span by acting as its surety.

41. Great Midwest's liability as surety for Big Span is merely technical, secondary, and vicarious to that of Big Span.

42. As a direct and proximate result of Big Span's failure to honor its obligations, Great Midwest incurred damages. Indemnitors are liable to Great Midwest for all damages Great Midwest sustained having acted as surety for Big Span.

WHEREFORE, Great Midwest demands judgment against the Indemnitors, jointly and severally, for damages, prejudgment interest, costs, and expenses, and such further relief as this Court deems just and proper.

Dated this 1st day of October 2024.

*/s/ Ty G. Thompson*
TY G. THOMPSON, ESQ.
Florida Bar No. 0585041
tthompson@pdtlegal.com
PASKERT DIVERS THOMPSON
100 N. Tampa Street, Suite 3700
Tampa, Florida 33602
(813) 229-3500 – Telephone
*Counsel for Great Midwest*
